IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT SHANNON, et al. | : | NO.  06-2657 |
| | : | |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                      June 28, 2007
UNITED STATES MAGISTRATE JUDGE


Gregory Martinez, a prisoner at the State Correctional Institution at Frackville,

Pennsylvania, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After

careful review, I recommend that his petition be denied for the following reasons.


## 1.   FACTUAL AND PROCEDURAL HISTORY

Following a jury trial in the Court of Common Pleas of Philadelphia County, petitioner

was convicted of first degree murder, possession of an instrument of a crime, and violations

under the Uniform Firearms Act, 18 Pa. C.S. §§ 907, 2502(a), 6106.  See Commonwealth v.

Martinez, No. 9802-0782, Mem. Op. at 1 (Pa. Ct. of Common Pleas February 15, 2005) ("Pa. Ct.

of Common Pleas Op. filed 2/15/2005").  He was sentenced to life imprisonment.  Hab. Pet. ¶ 3.

Petitioner appealed to the Superior Court of Pennsylvania, which affirmed his sentence in an

unpublished opinion dated August 7, 2000.  See Commonwealth v. Martinez, No. 1264 EDA

1999, Mem. Op. at 1 (Pa. Super. Aug. 7, 2000) ("Pa. Super Ct. Op. filed 8/7/2000"). Petitioner subsequently filed a petition for an allowance of appeal in the Pennsylvania Supreme Court, which was denied on January 31, 2001.  Hab. Pet. ¶ 9(e).

On August 1, 2003, petitioner filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Ps. C.S. § 9541 ("PCRA"), et seq.  Commonwealth v. Martinez, ,C.P. 9802-0782, Pa. Ct. of Common Pleas Op. filed 2/15/2005, at 2.  On February 15, 2005, the PCRA court dismissed his  petition. Id. at 9.  Petitioner appealed to the Superior Court, which affirmed the PCRA Court's opinion on January 18, 2006.  See Commonwealth v. Martinez, No. 3240 EDA 2004, Mem. Op. at 1 (Pa. Super. Jan. 18, 2006) ("Pa. Super Ct. Op. filed 1/18/2006").

Martinez filed his federal habeas petition on June 19, 2006 in which he presented fifteen claims.  See Hab. Pet. ¶ 12.  On September 27, 2006, petitioner filed an "Amended Petition for Writ of Habeas Corpus Under § 2254" in which he raised eleven claims.  Am. Pet. at 1, 3-4. Eight of the grounds of petitioner's amended petition, Grounds 1-9, are similar to claims raised in his original habeas petition.[1]  In his amended habeas petition, he states that he "has withdrawn the ground of improper instruction to the jury [contained in Ground I of his original habeas petition] and replaced it with [G]rounds 10 and 11 [of his amended petition.]"  Am. Pet. at 2. n.

---

[1]  Ground 1 in petitioner's amended petition is substantively similar to Ground A in Martinez's original petition.  Similarly, Ground 2 in petitioner's amended petition corresponds to Ground B in his original petition.  Likewise, Ground 3 in petitioner's amended petition is substantively similar to Ground C in his original petition.  In addition, Ground 4 in petitioner's amended petition  corresponds to Ground D in Martinez's original petition.  Further, Ground 5 in Martinez' amended petition is substantively similar to Ground J in petitioner's original petition. Additionally, Ground 6 in the amended petition corresponds to Ground F in petitioner's original petition.  Likewise, Ground 7 in Martinez's amended petition is substantively similar to Ground L in petitioner's original petition.  Similarly, Ground 9 in petitioner's amended petition is substantively similar to Ground N in petitioner's original petition.

1. In an abundance of caution and recognizing that petitioner is a pro se litigant,[2] this court has evaluated a total of seventeen grounds raised by petitioner in both petitions: Grounds 1-6 and 8-11 contained in petitioner's amended habeas petition[3], Am. Pet. at 3-4, as well as Grounds E, G,

---

[2] In Haines v. Kerner, 404 U.S. 519, 520 (1972), the U.S. Supreme Court held that a pro se petitioner's pleadings should be liberally construed. See also United States v. McGrath, 188 F.3d 99, 108 (3d Cir. 1999). Further, the Third Circuit has stated that any ambiguity in papers filed by a prisoner pro se should be resolved in favor of an intention by the prisoner to perform a meaningful act. Evans v. United States, 387 F.2d 160, 161 (3d Cir. 1967).

[3] Martinez raises the following grounds for relief in his amended petition which this court has evaluated in the body of this Report and Recommendation:

"Ground 1: A conviction obtained by a denial of a fair trial due to references to mug shots." Am. Pet. at 3.

"Ground 2: A conviction obtained by the denial of effective assistance of counsel for referring to certain photographs as mug shots." Id.

"Ground 3: A conviction obtained by the denial of a fair trial due [the] trial court allowing that jury to know that defense counsel also represented a Commonwealth witness in an unrelated matter." Id.

"Ground 4: A conviction obtained by the denial of a right of Confrontation." Id.

"Ground 5: A conviction obtained by prosecutorial misconduct during closing argument." Id.

"Ground 6: A conviction obtained by the ineffective assistance of counsel due to a conflict of interest." Id.

"Ground 8: A conviction obtained by the denial of the right to present alibi witnesses." Id.

"Ground 9: A conviction obtained by the denial of effective assistance of trial counsel for failing to request a 'Kloiber' charge to the jury." Id. at 4.

"Ground 10: A conviction obtained by the denial of effective assistance of trial counsel who requested a voluntary manslaughter instruction when the defense during trial was that of mis-identification and not degree of guilt." Id.

"Ground 11: A conviction obtained by the denial of effective assistance of counsel. Id.

H, K, L[4], M, and O which petitioner only raised in his original habeas petition.[5]  Heb. Pet. ¶ 12.

---

[4]  Upon review, this Court believes that Ground 7 of petitioner's amended habeas petition is the same as Ground L of the petitioner's original habeas petition.  In Ground 7, Martinez contends that his rights were violated due to: "[a] conviction obtained by the denial of the right to testify in one's own defense."  Am. Pet., Ground 7.  In comparison, petitioner argues in Ground L that "[he] was denied his constitutional right to the effective assistance of counsel where trial counsel interfered with petitioner's right to testify in his own behalf and where counsel's advice that petitioner not take the stand was unreasonable and prejudicial to the defense."  Hab. Pet. ¶ 12, Ground L.  It appears that, although Ground L and Ground 7 are substantively similar, Ground L is much more specific than Ground 7.  Therefore, this court will evaluate Ground L rather Ground 7 for the purposes of this report and recommendation.

[5]  Petitioner raises the following seven claims in his original habeas petition which this Court has evaluated in the body of this Report and Recommendation:

E.  The trial court committed reversible error in permitting the commonwealth to introduce through Sergeant Fredericksdorf the contents of a statement given by Teresca Cherry due to the fact that Ms. Cherry never was asked if she had given a statement and never vouched for its authenticity thus violating petitioner's right of confrontation.  Hab. Pet. ¶ 12.

G.  Trial counsel was ineffective when he failed to object when questioning Detective Richard Harris he identified a statement actually given by Jerry Morris to the police as one given by the petitioner.  Id.

H.  Trial counsel was ineffective for failing to impeach Jerry Morris with the fact that he had been convicted of a **crimen falsi** crime prior to petitioner's trial.  Id.

K.  Trial counsel was ineffective for failing to investigate and interview the passenger who was present in the police car driven by Officer Walker when he allegedly observed the shooting of decedent.  The identity of the civilian passenger who Officer Walker said he was transporting to the hospital prior to the shooting, he could have interviewed her as an eyewitness and said testimony may have been exculpatory to petitioner.  Id.

L.  Petitioner was denied his constitutional right to the effective assistance of counsel where trial counsel interfered with petitioner's right to testify in his own behalf and where counsel's advice that petitioner not take the stand was unreasonable and prejudicial to the defense.  Id.

M.  Petitioner was denied his constitutional right to the effective assistance where trial counsel failed to subpoena and call Richard Edwards as an alibi witness at trial.  Id.

O.  Trial counsel was ineffective in failing to object or request a cautionary instruction when Officer Walker referred to the photographic array as "old mug shots."  Id.

4

## 2.   PROCEDURALLY DEFAULTED CLAIMS

### 2(A).   GROUNDS 8, 10, 11, G, H, K: UNEXHAUSTED CLAIMS

Respondent contends that the following three claims which petitioner raises in his

amended petition are procedurally defaulted:

> Ground Eight: A conviction obtained by the denial of the right to present alibi
> witnesses.

> Ground Ten: A conviction obtained by the denial of effective assistance of trial
> counsel who requested a voluntary manslaughter instruction when the defense
> during trial was that of mis-identification and not degree of guilt.

> Ground Eleven: A conviction obtained by the denial of effective assistance of
> appellant counsel.

Rep. Br. at 23-28.  See also Am. Pet. at 3-4, Grounds 8, 10, 11.

Martinez also raised the following three claims in his original habeas petition which also

appear to be procedurally defaulted:

> G. Trial counsel was ineffective when he failed to object when questioning
> Detective Richard Harris he identified a statement actually given by Jerry Morris
> to the police as one given by the petitioner.

> H.  Trial counsel was ineffective for failing to impeach Jerry Morris with the fact
> that he had been convicted of a **crimen falsi** crime prior to petitioner's trial.

> K.  Trial counsel was ineffective for failing to investigate and interview the
> passenger who was present in the police car driven by Officer Walker when he
> allegedly observed the shooting of decedent.  The identity of the civilian
> passenger who Officer Walker said he was transporting to the hospital prior to the
> shooting, he could have interviewed her as an eyewitness and said testimony may
> have been exculpatory to petitioner.

The procedural default doctrine bars federal habeas review of claims which have been procedurally defaulted in state court.  See Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  "By refusing to consider claims that have been procedurally defaulted in state court, the doctrine 'encourage[s] state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'"  Cristin, 281 F.3d at 410 (quoting Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).

In Coleman, 501 U.S. at 750, the Supreme Court explained the exceptions to the procedural default doctrine:

> In all cases in which a state prisoner has defaulted his federal claims in state courts[,] . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.

See also Cristin, 281 F.3d at 409 n. 5.  To satisfy the cause and prejudice requirement, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements."  Id. at 412 (quoting Coleman, 501 U.S. at 753); see also Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a "miscarriage of justice."  See Werts, 228 F.3d at 193.  "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"

Id. (quoting Murray, 477 U.S. at 496).  "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence."  Cristin, 281 F.3d at 412 (quoting Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001) (citations omitted)); see also Schlup v. Delo, 513 U.S. 298, 316 (1995).

The Third Circuit has stated that "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus filed by a person incarcerated from a judgment of a state court unless the petitioner has first exhausted the remedies available in state court." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) (citing 28 U.S.C.  2254(b)(1)(A)), cert. denied, 532 U.S. 919 (2001); see also Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). Specifically, "state prisoners must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Wegner v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, Wenger v. Kyler, 535 U.S. 957 (2002).

Requiring the exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  Lambert, 134 F.3d at 513 n. 18 (citing Toulson, 987 F.2d at 986).  Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be strictly adhered to because it expresses respect for our dual judicial system."  Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990)); see also Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality.")  "It is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar claim was

made." Baldwin v. Reese, 541 U.S. 27, 31 (2004).  "Mere similarity" between the claim raised at the state level and a federal claim is not sufficient, since the state court, when presented with a claim of error under state law, "understandably confine[s] it analysis to the application of state law." Duncan v. Henry, 513 U.S. 364, 366 (1995).

The petitioner bears the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requirements entitling him to relief.  Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982); see also Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003).  Thus, "the habeas petitioner carries the burden of proving exhaustion of all available state remedies."  Lambert, 134 F.3d at 513 (citing Toulson, 987 F.2d at 987).

On direct appeal, plaintiff raised the following eight issues before the Superior Court:

1.  Was [petitioner] deprived of a fair trial due to references to mug shots?

2.  Was trial counsel ineffective for referring to certain photographs as mug shots?

3.  Was it reversible error for the trial court to allow the jury to know that trial counsel represented a Commonwealth witness?

4.  Did the trial court err in admitting hearsay testimony from Sergeant Fredericksdorf?

5.  Did the trial court err in allowing Sergeant Fredericksdorf to read into the record the contents of a statement given by Teresca Cherry insofar as Ms. Cherry was never asked if she had given a statement thus depriving [petitioner] of the right of confrontation?

6.  Did the trial court err in refusing to give a voluntary manslaughter charge?

7.  Did the prosecutor commit reversible error during his closing speech?

8.  Was the [petitioner] deprived of the effective assistance of counsel due to counsel's conflict of interest?

Pa. Super Ct. Op. filed 8/7/2000, at 5-6.  Subsequently, in his PCRA appeal before the Superior

Court, Martinez raised the following four claims:

> I.  [Petitioner] was deprived of his state and federal constitutional right to
> effective assistance of counsel where trial counsel interfered with [Martinez's]
> right to the testify in his own behalf and where's counsel's advice not to take the
> witness stand was unreasonable and prejudicial to the defense.

> II.  [Petitioner] was denied his right to the effective assistance of counsel under
> the federal and state constitutions due to the trial counsel's failure to subpoena
> and call Richard Edwards as an alibi witness, and appellate counsel was like
> ineffective in failing to raise and preserve this issue on direct appeal.

> III.  Trial counsel was ineffective in failing to object to the introduction of a photo
> array containing police mug shots, and [petitioner's] due process and fair trial
> rights were violated because counsel failed to object to references to mug shots,
> thereby permitting the jury to infer [Martinez] had a criminal record.

> IV. [Petitioner] was denied his right to the effective assistance of counsel by trial
> and appellate counsel where trial counsel failed to request a Kloiber charge to the
> jury and appellate counsel did not raise the issue.

 Pa. Super Ct. Op. filed 1/18/2006, at 4-5.  The petitioner did not raise Grounds Eight, Ten, or

Eleven contained in his amended petition or Grounds G, H, or K   contained in his original

habeas petition before the Pennsylvania courts.  See Am. Pet. at 3-4, Grounds 7, 8, 10, and 11;

Hab. Pet. ¶ 12, Grounds G, H, and K.

At this time, Martinez can not raise any additional claims in state court because he is

time-barred under the PCRA's one year limitation for filing a petition for collateral relief.  See 42

Pa. Cons. Stat. Ann. § 9545(b)(1);[6] see also Whitney v. Horn, 280 F.3d 240, 250-51 (3d Cir.

---

[6]  42 Pa. C.S.A. § 9545(b)(1) states: "Any petition under this subchapter, **including a
second or subsequent petition**, shall be filed within one year of the date the judgment becomes
final . . ."  Walker v. Frank, 56 Fed. Appx. 577, 578 n. 1 (3d Cir. 2003) (emphasis added)
(quoting 42 Pa. C.S.A. § 9545(b)(1)); see also Hendel v. Vaughn, 1998 WL 470159, at *5 n. 8
(E.D. Pa. Aug. 10 1998).

2002).  Therefore, since petitioner failed to show that he "invoked one complete round of the State's established appellate review process" with regard to his twenty-first claim, see O'Sullivan, 526 U.S. at 845, this claim is procedurally defaulted.  See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

In the instant case, petitioner fails to show cause or a fundamental miscarriage of justice that would excuse his default in failing to properly litigate his claims on direct appeal or PCRA appeal.  When a petitioner does not even allege cause and prejudice, the procedural default cannot be excused on this basis.  Teague v. Lane, 489 U.S. 288, 298 (1989). Therefore, the Court may not consider the merits of petitioner's defaulted claim.  See Cristin, 281 F.3d at 409 n. 5 (quoting Coleman, 501 U.S. at 750); see also Werts, 228 F.3d at 194.

## 2(B).   GROUND 1: WAIVED CLAIM

Petitioner also presents two claims in his amended federal habeas petition which he failed to fairly present before the Pennsylvania courts.  First, petitioner argues that trial court erred when it allowed Officer Walker to make references to old mug shots during his testimony at trial.  See Am. Pet. at 3, Ground 1; Hab. Pet. ¶ 12, Ground A;  see also Resp. Br. at 17-18.  On direct appeal, the Superior Court found the issue had been waived by Martinez because he had not properly preserved it for appeal.  Pa. Super Ct. Op. filed 8/7/2000, at 5.  In support of this conclusion, the Superior Court observed:

> Under the Pennsylvania Rules of Appellate Procedure, an issue "not raised in the lower courts [is] waived and cannot be raised for the first time on appeal. Furthermore, in his brief on appeal, an appellant must set forth in the statement of the case and in the argument, the place in the record where the issue was raised and preserved for appeal. See Pa. R.A.P. 2117(c), 2199(e).  In his brief on appeal, Martinez fails to identify where in the record his first issue was preserved for

> appeal.  Furthermore, our review of the record reveals the trail counsel did not
> object to Officer walker's mug shot testimony.  N.T. Trial, 3/19/99, at 41-42.  In
> fact, part of Officer Walker's mug shot testimony was elicited on cross-
> examination.  Id. at 45.

Pa. Super Ct. Op. filed 8/7/2000, at 5.  Therefore, petitioner's waived claim is procedurally

defaulted since it was not fairly presented before the Pennsylvania courts.  Since petitioner fails

to show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his underlying

default, this Court may not consider the merits of petitioner's defaulted claims.  See Cristin, 281

F.3d at 409 n. 5 (quoting Coleman, 501 U.S. at 750); see also Werts, 228 F.3d at 194.


## 2(C).    GROUND 9: WAIVED CLAIM

Second, petitioner contends that his trial counsel rendered ineffective assistance of

counsel by failing to request a Kloiber charge[7] and his appellate counsel failed to raise trial

counsel's ineffective assistance on appeal.  See Am. Pet. at 3, Ground 9; Hab. Pet. ¶ 12, Ground

N; Pa. Super. Ct. Op. filed 1/18/2006, at 5.  During the PCRA appeal, the Superior Court found

"none of [Martinez's] claims are preserved for review."  Pa. Super. Ct. Op. filed 1/18/2006, at 6.

It observed that, under Pennsylvania law: "[a]n issue is waived if the petitioner could have raised

it but failed to so before trial, at trial during unitary review, on appeal, or in prior state post-

conviction proceedings."  Id. at 6 (citing 42 Pa. C.S.A. § 9544(b)).  It further noted that "since

appellant's judgment of sentence became final before our [S]upreme [C]ourt handed down

---

[7] "A Kloiber charge instructs the jury that where witnesses is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is doubtful and must be received with caution."  Pa. Ct. of Common Pleas Op. filed 2/15/2005, at 8 (citing Commonwealth v. Kloiber, 106 A.2d 820, 826-27 (Pa. 1954)).

Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002), he is required to 'layer' his

ineffectiveness claims."  Id. at 6 n. 4.  The Superior Court found "[n]ot only does [Martinez] fail

to layer this claim in regard to appellate's counsel ineffective assistance, but he presents this

assertion for the first time in his 1925(b) statement [raised in his post-conviction relief appeal]."[8]

Id. at 8.  Therefore, petitioner's waived claim is procedurally defaulted since it was not fairly

presented before the Pennsylvania courts.  Likewise, because petitioner fails to show "cause and

prejudice" or a "fundamental miscarriage of justice" to excuse his underlying default, this Court

may not consider the merits of petitioner's defaulted claims.  See Cristin, 281 F.3d at 409 n. 5

(quoting Coleman, 501 U.S. at 750); see also Werts, 228 F.3d at 194.


### 2(C).    GROUNDS L, M, and O

Petitioner also presents the following three claims in his original habeas petition:

L.  Petitioner was denied his constitutional right to the effective assistance of
counsel where trial counsel interfered with petitioner's right to testify in his own
behalf and where counsel's advice that petitioner not take the stand was
unreasonable and prejudicial to the defense.

M.  Petitioner was denied his constitutional right to the effective assistance where
trial counsel failed to subpoena and call Richard Edwards as an alibi witness at
trial.

O.  Trial counsel was ineffective in failing to object or request a cautionary
instruction when Officer Walker referred to the photographic array as "old mug
shots."

Hab. Pet. ¶ 12, Grounds L, M, and O.  After reviewing petitioner's PCRA appeal, the Superior

Court found that petitioner did not preserve these claims for appeal and hence they were waived.

---

[8]  Pennsylvania Rule of Appellate Procedure 1925(b) addresses the filing of "statements
of matters complained of" on appeal.  See Pa. R.A.P. 1925(b).

See Pa. Super Ct. Op. filed 1/18/2006, at 6-8.  With regard to the claim raised in Ground L of

Martinez's federal habeas petition, the Superior Court found that:

> First, [Martinez] argues that trial counsel interfered with his right to testify at trial.
> This claim is clearly waived as it could have been presented on direct appeal and
> was not.  While [Martinez] includes the bald assertion that appellate counsel was
> ineffective for failing to assert this issue on direct appeal in the "summary of the
> argument" section of his brief, the argument fails to include or attempt to support
> this statement.  Nor does a properly layered claim of ineffective assistance of
> counsel appear in [Martinez's] PCRA petition, his 1925(b) statement of matters
> complained of on appeal, or in the "statement of questions presented" in his brief.
>
> Plainly, [Martinez's] boilerplate claim in the summary of the argument section of
> his brief cannot alter waiver.  Commonwealth v. Jones, 583 Pa. 130, 867 A.2d
> 380, 385 (2005).  Nor is it enough for a petitioner to argue the merits of the
> underlying claim and the prejudice suffered.  At the PCRA stage, a petitioner must
> go to the next step and elucidate how the underlying claim or error was handled,
> or overlooked by, each intervening attorney in order to present a cognizable claim
> for collateral relief.  See 42 Pa. C.S.A. § 9543(a)(4).  See also Commonwealth v.
> Morales, 549 Pa. 400, 409, 701 A.2d 516, 520 (1997) (waiver will be excused
> under the PCRA if appellant makes proper claim of ineffective assistance of
> counsel.)

Pa. Super Ct. Op. filed 1/18/2006, at 6-7.  Thus, petitioner's claim was procedurally defaulted in

the Pennsylvania courts.  Since petitioner fails to show "cause and prejudice" or a "fundamental

miscarriage of justice" to excuse his underlying default, this Court may not consider the merits of

this claim.  See Cristin, 281 F.3d at 409 n. 5 (quoting Coleman, 501 U.S. at 750); see also Werts,

228 F.3d at 194.

 With regard to the claim raised in Ground M of Martinez's federal habeas petition, the

Superior Court found that petitioner waived this claim by not raising it on direct appeal:

> [Martinez] argues that trial counsel was ineffective for not calling Richard
> Edwards ("Edwards") as an alibi witness.  In support thereof, appellant offers an
> affidavit from Edwards.  Again, however, this issue is waived as it could have
> been raised on direct appeal and was not.  While [Martinez] presented a bald
> claim of appellant counsel's ineffective assistance in the "statement of questions

13

> presented section of his brief, this is to no avail. A layered claim on ineffective
> assistance was not presented in [Martinez's] PCRA petition or in the argument
> section of his brief. Therefore, this claim is waived.

Pa. Super Ct. Op. filed 1/18/2006, at 7. Because petitioner fails to show "cause and prejudice" or

a "fundamental miscarriage of justice" to excuse his underlying default, this Court may not

consider the merits of this claim given the waiver in state court. See Cristin, 281 F.3d at 409 n. 5

(quoting Coleman, 501 U.S. at 750); see also Werts, 228 F.3d at 194.

With respect to the claim raised in Ground O of Martinez's federal habeas petition, the

Superior Court found that petitioner's claim was waived because it had already been previously

litigated:

> [Martinez's] third claim asserts that trial counsel was ineffective for failing to
> object to the introduction of a photo array and references to mug shots. Our
> review of the certified record indicates that this claim was previously litigated on
> direct appeal. See Martinez, supra at *6-8; Morales, supra at 408-09, 701 A.2d at
> 520. In his brief on appeal, [Martinez] merely tweaks his "mug shot" claim by
> arguing prior counsel's ineffective assistance. We will not review a case upon
> different theories that support the basic allegation of error. See Commonwealth v.
> Beasley, 544 Pa. 554, 678 A.2d 773, 778 (1996), cert. denied, 520 U.S. 1121
> (1997) (a PCRA petitioner cannot obtain review of claims that were previously
> litigated by alleging ineffective assistance of counsel and presenting new theories
> of relief); Commonwealth v. Hutchins, 760 A.2d 50, 55 (Pa. Super. 2000) (same).
> Therefore, this claim is not reviewable.

See Pa. Super Ct. Op. filed 1/18/2006, at 8. Once agin, petitioner fails to show "cause and

prejudice" or a "fundamental miscarriage of justice" to excuse his underlying default. Therefore,

this Court may not consider the merits of this claim. See Cristin, 281 F.3d at 409 n. 5 (quoting

Coleman, 501 U.S. at 750); see also Werts, 228 F.3d at 194.

### 3.    LEGAL STANDARD UNDER 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), P.L. 104-132 (Apr. 26, 1996), precludes federal habeas relief to "a

person in custody pursuant to the judgment of a State court" based on "any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim[:]"

> (1) resulted in a decision that was **contrary to**, or involved an **unreasonable
> application of**, clearly established Federal law, as determined by the Supreme
> Court of the United States,[9] or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (footnote added) (emphasis added); see Duncan v. Morton, 256 F.3d 189,

196 (3d Cir. 1999), cert. denied 534 U.S. 919 (2001).  In Williams v. Taylor, 529 U.S. 362

(2000), the Supreme Court interpreted the standard under § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by [the Supreme] Court
> on a question of law[10] or if the state court decides a case differently than [the
> Supreme] Court's decision but unreasonably applies the facts to that prisoner's
> case.

Id. at 412-13 (footnote added).

The Court of Appeals for the Third Circuit observed in Matteo v. Superintendent, SCI

---

[9]  "Clearly established Federal law, as determined by the Supreme Court of the United
States" refers to the "holdings, as opposed to dicta" of the Supreme Court's decision as of the
time of the relevant state court decision.  Yarborough v. Alvarada, 541 U.S. 652, 660-61 (2004)
(quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).

[10]  Thus, "[a] state-court decision is contrary to [the Supreme Court's] clearly established
precedents if it applies a rule that contradicts the governing law set forth in [the Supreme
Court's] cases."  Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405);
see Early v. Packer, 537 U.S. 3, 8 (2002).

Albion, 171 F.3d 877 (3d Cir. 1999), cert. denied, 528 U.S. 824 (1999),[11] that to prove entitlement to habeas relief under the "contrary to" provision of § 2254(d)(1), "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent **requires the contrary outcome**." Id. at 888 (emphasis added); see also Werts, 228 F.3d at 197. "This standard precludes granting habeas relief solely on the basis of simple disagreement with a reasonable state court interpretation of applicable precedent." Werts, 228 F.3d at 197 (quoting Matteo, 171 F.3d at 888).

When making the "unreasonable application" inquiry, the federal habeas court should ask "whether the state court's application of clearly established federal law was **objectively** unreasonable." Williams, 529 U.S. at 409 (emphasis added); see Chadwick v. Janecka, 312 F.3d 597, 607 (3d Cir. 2002) (citing Williams, 529 U.S. at 409, and Matteo, 171 F.3d at 891). In applying the "unreasonable application" provision of § 2254, "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in **an outcome that cannot reasonably be justified under existing Supreme Court precedent**." Matteo, 171 F.3d at 891 (emphasis added); see Chadwick, 312 F.3d at 607 (citing Matteo, 171 F.3d at 891); Werts, 228 F.3d at 197.

The Supreme Court stressed that an application of federal law may be incorrect but still not unreasonable. Williams, 529 U.S. at 411; see Duncan, 256 F.3d at 196; Werts, 228F.3d at

---

[11] Prior to the Supreme Court's decision in Williams v. Taylor, the Court of Appeals for the Third Circuit construed the standard of review under § 2254(d)(1) in Matteo. The Third Circuit has since stated that its opinion in Matteo is in accord with the Supreme Court's decision in Williams. See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

196.  Thus, mere disagreement with a state court's conclusions is not sufficient to justify relief.

Williams, 529 U.S. at 411; Matteo, 171 F.3d at 891.  In determining whether the state court's

application of the Supreme Court precedent is objectively reasonable, habeas courts may consider

the decisions of federal courts of appeals and district courts.  Matteo, 171 F.3d at 890; Ross v.

Vaughn, 2001 WL 818359, at *4 (E.D. Pa. Jan 16, 2001).

With regard to findings of fact, § 2254(e)(1) provides that a state court's determination of

a factual issue[12] is "**presumed to be correct**" and further provides that the habeas petitioner

"shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence."  28 U.S.C. § 2254(e)(1) (emphasis added); see Chadwick, 312 F.3d at 607; Duncan,

256 F.3d at 196; Werts, 228 F.3d at 196.  "This presumption applies to factual determinations of

both state trial and appellate courts."  Duncan, 256 F.3d at 196; see Stevens v. Delaware

Correctional Ctr., 295 F.3d 361, 368 (3d Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)).

Furthermore, under Supreme Court and Third Circuit precedent, the presumption of correctness

under the habeas statue applies to **implicit** factual findings as well as express findings of the state

court.  See Campbell v. Vaughn, 209 F.3d 285-86, 290 (3d Cir. 2000), cert. denied, 531 U.S.

1084 (2001).


### 3(A).    INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are evaluated pursuant to the standard set forth

---

[12]  Factual issues are "basic, primary or historical facts: facts in the sense of a recital of
external events and the credibility of the narrators."  Berryman v. Morton, 100 F.3d 1089, 1094
(3d Cir. 1996) (quoting Townsend v. Sain, 372 U.S. 293 (1963)).

in Strickland v. Washington, 466 U.S. 668, 687 (1984).  See Williams, 529 U.S. at 390.  In order

for a petitioner to establish a claim of ineffective assistance of counsel under Strickland:

> First, [the petitioner] must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, [he] must show that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.

See also Thomas v.Varner, 428 F.3d 491, 499 (3d Cir. 2005).[13]

In addressing petitioner's ineffective assistance claims, the Superior Court of

Pennsylvania applied the state's legal standard for ineffective assistance of counsel.  See Pa.

Super Ct. Op. filed 8/7/2000, at 5-6 (citing Commonwealth v. Savage, 695 A.2d 820, 822 (Pa.

Super. 1997)).  The Third Circuit has "ruled that Pennsylvania's test for assessing ineffective

assistance of counsel claims is not contrary to Strickland."  See Jacobs v. Horn, 395 F.3d 92, 106

n. 9 (3d Cir. 2005); see also Werts, 228 F.3d at 204 (finding that application of Pennsylvania's

standard governing ineffective assistance of counsel claims was not contrary to established

Supreme Court precedent); Brand v. Gillis, 210 F.Supp.2d 677, 684 (E.D. Pa. 2002) (citing

Werts) (Pennsylvania standard governing ineffective assistance of counsel claims "has been

found materially identical" to the Strickland test), aff'd, 82 Fed. Appx. 278 (3d Cir. Dec. 2, 2003)

(unpublished).  Thus, the state court "identifie[d] the correct governing legal principle" in this

case, see Williams, 529 U.S. at 412-13.

---

[13]  An inquiry into effective assistance of counsel is a mixed question of law and fact;
therefore, an ineffective assistance claim "requires the application of a legal standard to the
historical-fact determination."  Berryman, 100 F.3d at 1094.

To establish deficient performance by counsel, the petitioner "must show that counsel's representation fell below an **objective standard of reasonableness**."  Id. (citing Strickland, 466 U.S. at 688) (emphasis added).  There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690.

In meeting the prejudice prong of an ineffective assistance claim: "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see Douglas v. Cathel, 456 F.3d 403, 419 (3d Cir. 2006).

Although Strickland is a two-prong test in evaluating claims of ineffective assistance, it is unnecessary for the court to address both components of the inquiry if the petitioner makes an insufficient showing on one prong of the test.  Strickland, 466 U.S. at 694.  Therefore, if the petitioner fails to meet either prong of Strickland, he will not prove that the state court unreasonably applied the relevant legal standard as required by 28 U.S.C. § 2254(d)(1).


### 3(A)(1).   GROUND 2

In the present case, petitioner presents two ineffective assistance of counsel claims.  First, Martinez argues that he was denied effective assistance of counsel because his trial counsel referred to certain photographs as mug shots.  See Am. Pet. at 3, Ground 2; Hab. Pet. ¶ 12, Ground B.  On direct appeal, the Superior Court found that there was not a reasonable probability

that but for trial counsel's error the results of the proceeding would have been different.  It noted

under Pennsylvania law:

> Though we recognize that evidence of a defendant's prior charge is, in general, inadmissible at a trial on later charges, we note that not every testimonial reference to a photo is evidence of a prior charge such that it necessitates a new trial due to prejudice.  Absent some indication that the photo in question was taken from police crime files, mere possession of the photograph by police does not provide an adequate basis for such inference.  Our Supreme Court has directed that, to evaluate the potential for prejudice in a testimonial reference to photographs of the accused, we must determine whether a juror "could reasonably infer from the facts presented that the accused had engaged in prior criminal activity."  In making this determination, our appellate courts have considered: (1) whether the photo was shown to the jury or admitted into evidence, (2) whether the photos referred to as mug shots, and (3) whether the references to the photos included other information, such as the quantity of the photographs in the array, that could suggest prior criminal activity.

Pa. Super Ct. Op. filed 8/7/2000, at 6-7 (citing <u>Commonwealth v. Reiss</u>, 468 A.2d 451, 453-54

(Pa. 1983)).   In this case the Superior Court applying state law found that:

> In the case at bar, the record reveals that the photo array at issue was marked and admitted into evidence . . . Defense counsel elicited testimony of Officer Walker in which he described the photos as old mug shots.  Furthermore, during defense counsel's closing argument he stated: "He [Officer Walker] told you this ridiculous story that the police photograph he looked at of my client was an old photograph, he told you that, and it wasn't a good mug shot and he couldn't really tell that from that picture.  Now, you've seen my client throughout this case sitting over there.  This picture of him in this mug shot looks exactly the way he looks sitting over there in that chair.  This picture of him looks exactly the way he would have looked the day Police Officer Walker said he saw him, and my client isn't the person that you could easily forget when you see him."  N.T. Trial, 3/22/99, at 84.  Even assuming arguendo that these facts constitute a claim of arguable merit, Martinez must still demonstrate some prejudice.  Martinez states that it is "pellucidly clear" that he was prejudiced by the references tom the mug shots, yet Martinez provides no support for this assertion.  Brief for [Martinez] at 17.  In short, Martinez has failed to explain in light of witnesses' testimony and physical evidence, how "but for" the references to mug shots the outcome of the trial would have been different.  But Martinez has failed to carry this burden of persuasion with respect to the third prong of his ineffectiveness test, his argument

fails.

Pa. Super Ct. Op. filed 8/7/2000, at 7-8.  Under § 2254(e)(1), this Court must presume that the Superior Court's factual determinations are correct since petitioner has failed to "rebut[] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196.

Furthermore, it is not appropriate for this Court to reexamine state court determinations on state law questions.  See Estelle, 502 U.S. at 67-68.  Therefore, this Court must presume that trial counsel's reference to the photographs as mug shots did not prejudice Martinez.  Petitioner is unable to show that "there is a reasonable probability that, but for counsel's [alleged] errors, the results of the proceeding would have been different."  See Strickland, 466 U.S. at 694; see also Williams, 529 U.S. at 391.  As a result, petitioner does not satisfy the second prong of the Strickland test, and he has failed to show that the Pennsylvania Court's decision was an unreasonable application under 28 U.S.C. § 2254(d)(1).  Williams, 529 U.S. at 409.  Thus, habeas relief is not warranted.


### 3(A)(2).    GROUND 6

Second, petitioner claims that his trial counsel, Michael Floyd, rendered ineffective assistance of counsel due to a conflict of interest.  See Am. Pet. at 3, Ground 6; Hab Pet. ¶ 12, Ground F.   During the duration of the trial, his trial counsel also represented Jerry Morris, a witness for the Commonwealth, in an unrelated matter.  Pa. Super. Ct. Op. filed 8/7/2000, at 16.

On direct appeal, the Superior Court found that petitioner knowingly and intelligently

waived a claim that trial counsel rendered ineffective assistance based upon his examination of

Jerry Morris.  Id. at 17-18.  The Superior Court determined that the record showed that petitioner

was fully colloquied on the subject by the prosecutor to the satisfaction of the trial court.  Id. at

16.  It explained that petitioner responded affirmatively to the following questions presented

during the colloquy:

> Mr. Margiotti: And you understand that Mr. Floyd also represents [Jerry Morris]
> in an open case?
>
> The Defendant: Yes sir.
>
> Mr. Margiotti: And because of that situation, the possibility arises that he may not
> be as aggressive toward that witness as you may like it?  Do you understand that?
>
> The Defendant: Yes sir
>
> Mr. Margiotti: . . . And do you understand that if you decide, because you have a
> right to have your own attorney, that this is okay, should you be convicted of this,
> you will not have the opportunity to complain and say, well, you know, now
> looking back on this, I wish he had been more aggressive or I wish he had gone
> after this witness or I wish he used other information in cross-examining this
> witness?  Do you understand that?
>
> The Defendant: Yes, sir.
>
> . . .
>
> Mr. Margiotti: And if you decide today that you want to go on with this, with Mr.
> Floyd as your attorney, then you will not be able to complain at a later date that
> Mr. Floyd did not adequately represent you in terms of his approach to this
> witness and his cross-examination of this witness?  Do you understand that?
>
> The Defendant: Yes.

22

Id. at 16-17.  In light of § 2254(e)(1), this Court must presume that the state court's factual

determinations regarding the reasonableness of his trial counsel's strategy are correct because

petitioner has failed to "rebut the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1); see Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196.  Given that

petitioner voluntary waived his ineffective assistance of counsel claim with regard to his trial

counsel's representation of Jerry Morris, petitioner has not demonstrated that his trial counsel

acted deficiently, satisfying the first prong of the Strickland test.  As a result, federal habeas

review is not warranted.


### 3(B).    CLAIMS CHALLENGING STATE EVIDENTIARY RULINGS

Respondent contends that three of Martinez's claims are non-cognizable because they

challenge the application of state evidentiary law.  See Resp. Br. at 21-23 .


### 3(B)(1).    GROUND 4

First, petitioner asserts that the court erred and denied petitioner his state right to

confrontation by admitting Sergeant Frederickdorf's testimony to what witness Teresca Cherry

told him both at the scene and when she later gave her statement.  See Pet. Trav. at 9-10, Am.

Pet. at 3, Ground 4; Hab. Pet. ¶ 12, Ground D.

Under Pennsylvania law, hearsay is "a statement, other than one made by the declarant

while testifying at the trial or hearing, offered into evidence to prove the truth of the matter

asserted."  Pa. Super Ct. Op. filed 8/7/2000, at 11 (citing Pa.R.E. 801(c)).  In light of this state

evidentiary rule, the state court found the following:

> At trial, Judge Poserina allowed Sergeant Fredericksdorf to testify as to what Cherry said to him not for the truth of the matter asserted but for the purpose of explaining the course of police conduct.  N.T., 3/22/99, at 67.  As Sergeant Fredericksdorf began to read into the record his written report containing identification testimony of Cherry, which detailed the events of the shooting, defense counsel again objected to the statement as hearsay, following which the trial court limited the testimony to anything relating to the issue of identity by a witness.  Id. at 70.  The fact that Judge Poserina clarified the limitations of the testimony does not alter the fact that the testimony was initially allowed for the purpose of showing police conduct.  Cherry's identification testimony showed the reasonableness of police conduct in pursuing Martinez as a suspect.

Pa. Super Ct. Op. filed 8/7/2000, at 11-12.  Applying 28 U.S.C. § 2254(e)(1), this Court must presume these factual findings made by the Superior Court are correct because petitioner has failed to rebut that presumption by clear and convincing evidence.

Federal law requires this Court to defer to a state court's application of its own rules of evidence.  Estelle, 502 U.S. at 67-68 (holding that a federal court on habeas review must not review state court rulings on admissibility of evidence under state law); see also Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules.")  Therefore, habeas relief may not be granted on Martinez's claim that Fredericksdorf's testimony should have been held inadmissible.

### 3(B)(2).   GROUND E

Martinez also contends that the trial court violated petitioner's rights under the Sixth Amendment Confrontation Clause erred by allowing Sergeant Fredericksdorf to read into the

record the contents of a statement given by Cherry because she was never asked if she had given the statement and never vouched for its authenticity.  Hab. Pet. ¶ 12, Ground E.  On direct appeal, the Superior Court noted that Cherry did testify at trial and she testified about matters covered in her earlier statement to Sergeant Fredericksdorf.  Pa. Super Ct. Op. filed 8/7/2000, at 12-13 (citing N.T., 3/18/99, at 37-47).  It applied relevant Pennsylvania evidentiary law, citing Commonwealth v. Jones, 658 A.2d 746, 751 (Pa. 1995), which held that "a concern that a jury might take as substantive evidence of guilt police testimony of a third person's statement is not present where the declarant testifies and where subsequent police testimony relates matters covered in declarant's testimony."  Pa. Super Ct. Op. filed 8/7/2000, at 13.  The Superior Court found that the trial judge did not abuse his discretion by allowing the testimony of Sargeant Fredericksdorf to explain the police conduct.  Pa. Super Ct. Op. filed 8/7/2000, at 13.

This Court must presume these factual findings made by the Superior Court are correct because petitioner has failed to rebut that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Moreover, federal law requires this Court to defer to state evidentiary rulings made by state courts.  See Estelle, 502 U.S. at 67-68; see also Marshall, 459 U.S. at 438 n. 6.  Therefore, habeas relief is not warranted with respect to this claim.


### 3(B)(3).    GROUND 3

Third, petitioner asserts that the trial court erred by permitting the prosecutor to elicit from Commonwealth witness, Jerry Morris, that he was being represented by Martinez's trial counsel, Michael Floyd, in an unrelated matter in which Martinez was Morris's primary witness.

He contends that this evidence was irrelevant and highly prejudicial because the information caused the jury to believe that the defense counsel had influenced Morris to give testimony favorable to Martinez.  See also Pet. Trav. at 11.

Under Pennsylvania law, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less than it would be without the evidence."  Pa. Super Ct. Op. filed 8/7/2000, at 8 (citing Pa.R.E. 401).  It also noted that relevant "evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id. (citing Pa.R.E. 403).  Further, it observed that: "since all Commonwealth evidence in a criminal case will be prejudicial to the defendant, the exclusion of otherwise relevant evidence will be necessary [only] where the evidence is so prejudicial that it may inflame the jury to make a decision based upon something other than the legal propositions relevant to the case."  Id. (Citing Commonwealth v. Palmer, 700 A.2d 988 (Pa. Super. 1997)). Applying this state evidentiary rule, the state court found the following:

At trial, the Commonwealth questioned Morris, in pertinent part, as follows:

Q. All right, sir do you have an open case; is that correct?
A. Yes.
Q. You have a charge of theft, receiving stolen property, VIN numbers, bad VIN numbers on cars.  Those charges are against you?
A. Right.
Q. And you are scheduled for April 8th of 1999?
A. Right.

**** 

26

Q. . . . And you now have a new attorney?

A. Yes.

Q. Who's that?

A. Michael Floyd.

N.T.Trial, 3/18/99, at 82-84.

Pursuant to an objection and request by defense counsel, the [trial] judge instructed the jury: "All right.  There really is no instruction other than the limited purpose for which testimony can come in to show whether or not this witness has any possible bias.  It is not in here to cast aspersion to Mr. Floyd.  He's entitled to represent everybody as long as everybody agrees that's what he should do but, nevertheless, this comes in for limited purpose to show any possible bias, okay." Id. at 85.  We conclude that the revelation of Floyd's professional relationship with Morris meets the minimum threshold of relevance as it goes to Morris's possible bias in favor of Martinez and to Morris's possible reason for attempting to recant testimony that would further incriminate Martinez.  See Commonwealth v. Ragan, 645 A.2d 811, 819 (Pa. 1994) (concluding evidence of possible bias was relevant to impeach witnesses).  Moreover, we conclude that Martinez failed to demonstrate the revelation of the relationship so prejudiced or inflamed the jury as to cause them to make a decision based upon something other than legal propositions relevant to the case at bar.  See Kitchen, 730 A.2d at 519.  Thus, we further conclude that Judge Poserina did not abuse his discretion in permitting the Commonwealth to elicit this information.

Pa. Super Ct. Op. filed 8/7/2000, at 9-10.  Because petitioner has failed to rebut the factual findings of the state court by clear and convincing evidence, this Court must presume these factual findings made by the Superior Court are correct.  See 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has held that federal courts must defer to a state court's application of its own rules of evidence in habeas corpus proceedings.  See Estelle, 502 U.S. at 67-68; Marshall, 459 U.S. at 438 n.6.  Thus, habeas relief may not be granted on Martinez's claim that the trial court erred by permitting the prosecutor to elicit from Morris, that he was being represented by petitioner's trial counsel in an unrelated matter in which petitioner was a

key witness.


### 3(C).   GROUND 5: PROSECUTORIAL MISCONDUCT

Petitioner contends that the attorney for the Commonwealth committed prosecutorial misconduct when he stated, during his closing argument, that if the jury did not convict Martinez they would deserve a "booby prize" and when the prosecutor made several comments suggesting his opinion as to what the jury should do.  Pet. Trav. at 10-11; Am. Pet. at 3; Ground 5; Hab. Pet. ¶ 12, Ground J.

Under the Supreme Court's holding in <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986), in order to overturn a conviction or sentence for improper prosecutorial comments during summation, the petitioner must demonstrate prejudice sufficient to show that the comments deprived him of a fair trial or violated the reliability of the sentencing process.[14]  <u>See also</u> <u>Henry v. Horn</u>, 218 F.Supp.2d 671, 704 (E.D. Pa. 2002).  In <u>Greer v. Miller</u>, 483 U.S. 756, 765 (1987) (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974)), the United States Supreme Court has recognized prosecutorial misconduct where a habeas petitioner claims that a prosecutor's remarks "so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process."  As a result, the Supreme Court has instructed that, even when

---

[14]  In <u>Darden</u>, the Supreme Court affirmed the decision of the Eleventh Circuit Court of Appeals that upheld a conviction challenged because the prosecutor allegedly made prejudicial statements during his closing argument.  <u>See</u> <u>Darden</u>, 477 U.S. at 181.  In particular, the <u>Darden</u> Court concluded that the prosecutor's comments, though improper, had not deprived the defendant of due process in light of the totality of the situation.  <u>Id</u>. at 181; <u>see also</u> <u>Greer</u>, 483 U.S. at 766.

prosecutorial remarks are markedly improper, they are not sufficient to merit reversal unless they deprive the petitioner of a fair trial.  See Darden, 477 U.S. at 181; Smith v. Phillips, 455 U.S. 209, 221 (1982); see also Rasmeur v. Beyer, 983 F.3d 1215, 1239 (3d Cir. 1992), cert. denied, 508 U.S. 947 (1993); Henry, 218 F.Supp.2d at 704.

In addressing petitioner's claims, the Superior Court on direct appeal applied Pennsylvania's standard for evaluating prosecutorial misconduct claims.  It specifically noted that:

> [C]onsidering all the circumstances of the case, the unavoidable effect of the unavoidable effect of the comments was to prejudice the jury against [him], causing [the jurors] to form a fixed bias and hostility toward him such that they could not render a fair and impartial verdict.  Moreover, in order to evaluate whether [the prosecutor's] comments were improper, we must look at the context in which they were made.

See Pa. Super Ct. Op. filed 8/7/2000, at 15 (citing Commonwealth v. Keaton, 729 A.2d 529, 538 (Pa. 1999)).

In Henry, the United States District Court for the Eastern District of Pennsylvania found Pennsylvania standards addressing prosecutorial misconduct are not contrary to the comparable federal standards.  See Henry, 218 F.Supp.2d at 705.  It observed that the Pennsylvania standards place "great emphasis on the effect that improper prosecutorial remarks have on the fairness of the verdict," which "is also the central concern of Darden."  Id.  Therefore, the Pennsylvania standards have been held to be consistent with federal law and not "contrary to" or an "unreasonable application" of controlling Supreme Court precedent.  See Fahy v. Horn, 2003 WL 22017231, at *50 (E.D. Pa. Aug. 26, 2003); Henry, 218 F.Supp.2d at 705.  Similarly, here, the legal standard as applied by the superior Court was not "substantially different from the relevant

precedent of [the Supreme Court]" and was consistent with clearly established federal law as determined by the Supreme Court.  See Smith, 455 U.S. at 221; Greer, 483 U.S. at 766; Fahy, 2003 WL 22017231, at *50; Henry, 218 F.Supp.2d at 705.

At trial, the prosecutor made the following remarks: "Ladies and gentlemen, in this case we have gone from the obligatory presumption of innocence to the undeniable, undeniable determination of guilt."  Pa. Super Ct. Op. filed 2/22/2002, at 15 (quoting N.T., 3/22/99, at 108).  Trial counsel objected to this statement, and the trial court cautioned the jury that "if it's offered as an opinion of this attorney who is arguing, it's improper, but if it's arguing what the evidence indicates that's what's you should do, that's a different story."  Id. (citing N.T., 3/22/99, at 109).  Then, the prosecutor stated "[t]he evidence indicated what you should do," and later admonished "[u]nless you do what this evidence demands, you got [sic] nothing but the booby prize."  Id. (citing N.T., 3/22/99, at 109, 114).  In light of this evidence, the Superior Court on direct appeal found that the prosecutor: "did nothing more than use strong language to persuade the jury to abide by the evidence."  Id.  As a result, it concluded that "the prosecutor did not unavoidably prejudice the jurors against Martinez causing them to form a fixed bias and hostility toward him such that they could not render a fair and impartial verdict."  Id.  This Court must presume under § 2254(e)(1) that the state court's factual determinations are correct because petitioner fails to "rebut[] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196.  In examining the prosecutor's challenged remarks in the context of the trial as a whole, see Greer, 483 U.S. at 766, it cannot be said petitioner was deprived of a fair trial.  See Darden, 477 U.S. at 181;  at 181; Smith, 455 U.S. at 221; Rasmeur, 983 F.3d at 1239 ; Henry, 218 F.Supp.2d at 704.  The challenged remarks of

the prosecutor did not "so infect[] the trail with unfairness as to make the resulting conviction a denial of due process." <u>See</u> <u>Darden</u>, 477 U.S. at 181.

Therefore, under 28 U.S.C. § 2254(d)(1), the adjudication of the state court was not "contrary to" and did not "involve[] an unreasonable application of, clearly established Federal law , as determined by the Supreme Court of the United States." <u>See</u> <u>Williams</u>, 529 U.S. at 406. Nor has petitioner shown that the state court's decision "resulted in a decision that was based on unreasonable determination of facts in light of the evidence presented in the State court proceeding." <u>See</u> U.S.C. § 2254(d)(2), <u>Campbell</u>, 209 F.3d at 290. Accordingly, petitioner's prosecutorial misconduct claims must be denied.


## IV.   CONCLUSION

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  "A [COA] should issue 'only if applicant has made a substantial showing if the denial of a constitutional right.'" United States v. Drake, 2002 WL 1020972, at *1 (3d Cir. May 21, 2002) (quoting 28 U.S.C. § 2253(c)(2)); see Miller-El v. Corckrell, 123 Ct. 1029, 1039 (2003); Slack v. McDonald, 529 U.S. 473, 483 (2000).  To establish this, "this petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484; see Miller-El, 123 S. Ct. At 1040; Drake, 2002 WL 1020972, at *1.  Here, since Martinez has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue.  See Slack, 529 U.S. at

31

484; Drake, 2002 WL 1020972, at *1.

My Recommendation follows.

# R E C O M M E N D A T I O N

AND NOW, this 28th day of June, 2007, upon consideration of the Petition for *Writ of Habeas Corpus* under 28 U.S.C. § 2254 and respondent's opposition thereto, for the reasons provided in the accompanying Report, it is RECOMMENDED that the habeas petition should be DENIED and that a certificate of appealability should not issue.

L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE