IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | No.   06-2657 |
| | : | |
| ROBERT SHANNON et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                           **September 12, 2007**

      Gregory Martinez, serving life imprisonment at State Correctional Institution Frackville, Pennsylvania, for first degree murder, asks this Court to grant a writ of habeas corpus and raises five objections to the thorough Report of Magistrate Judge L. Felipe Restrepo recommending denial of the writ.  After reviewing the record *de novo*, I agree with Magistrate Judge Restrepo that Martinez's claims are meritless. I will approve the Report and Recommendation, overrule the objections, and deny the writ.

**FACTS**

      Martinez was convicted by a jury of the daylight shooting death of John Reese at a hoagie shop in Philadelphia in May, 1997.  Martinez's appeal to the Pennsylvania Superior Court was unavailing and the Pennsylvania Supreme Court denied his petition for permission to appeal on January 31, 2001.  *Commonwealth v. Martinez*, 766 A.2d 1245 (Pa. 2001).  Nine months later, Martinez filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, which was ultimately denied on November 9, 2006.  Martinez filed a timely petition for a writ of habeas corpus in this Court before the state Supreme Court completed its review; in light of the Supreme Court's denial, Martinez's impatience is without consequence.

1

**DISCUSSION**[1]

This Court must review *de novo* the record regarding any recommendation by a magistrate judge to which a petitioner objects. 28 U.S.C. § 636. Federal habeas courts are not forums in which to relitigate state trials. *Albrecht v. Horn*, 485 F.3d 103, 122 n.6 (3d Cir. 2007). This Court may grant Martinez's petition only if the adjudication on the merits by the courts of Pennsylvania:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court clarified the meaning "contrary to" and "unreasonable application of" clauses in *Williams v. Taylor*, 529 U.S. 362 (2000). In *Williams*, the Court explained "contrary to" as an instance when a state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412. The *Williams* Court further explained "unreasonable application of" contemplates a state court's identification of "the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *Fountain v. Kyler*, 420 F.3d 267, 272 (3d Cir. 2005). The deference to state court adjudications required by 28 U.S.C. § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal case

---

[1]This Court is mindful Martinez's petition is *pro se*, and any supporting submissions must be construed liberally and with a measure of tolerance. *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

law, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004).

Martinez argues the Report failed to recognize he received ineffective assistance of counsel during trial and presenting his PCRA, failed to find error in a trial reference to mug shots or the prosecutor's closing argument, and failed to find error in his attorney's alleged conflict of interest. None of his claims suggest the state court unreasonably applied or acted contrary to clearly established federal law. 28 U.S.C. § 2254(d).

Under the habeas statute, this Court may not grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 42 U.S.C. § 2254.[2] To

---

[2] The habeas statute provides:
>    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>        (A) the applicant has exhausted the remedies available in the courts of the State; or
>        (B)(i) there is an absence of available State corrective process; or
>            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>        (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>        (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>    (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

exhaust the remedies available in the Pennsylvania courts, Martinez must have fairly presented to the Pennsylvania courts all claims he made in his habeas petition, giving the state courts "the opportunity to pass upon and correct alleged violations of [his] federal rights." *Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998). This Court may not issue the writ if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000) (Breyer, J., concurring).

Martinez attempts to circumvent the exhaustion requirement by alleging his four claims of ineffective assistance of counsel rest on a substandard performance of PCRA counsel. The right to effective assistance of counsel is grounded in the Sixth Amendment right to counsel. To prevail, Martinez must show counsel's performance was deficient to the point that counsel was not "functioning as the 'counsel' guaranteed by the Sixth Amendment" and this deprived the defendant of a reliable and fair trial result, *Strickland v. Washington*, 466 U.S. 668, 687 (1984), resulting in a trial so unfair that his conviction was a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To demonstrate ineffective assistance of counsel, Martinez must first establish his right to counsel in a collateral proceeding. This he cannot do. There is no federal constitutional right to counsel for state postconviction relief. *Murray v. Giarratano*, 492 U.S. 1, 7-8 (1989). Even if PCRA counsel were ineffective, which is not the case, Martinez has not demonstrated an

---

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

42 U.S.C. § 2254.

unreasonable application of federal law.

Martinez's three allegations of trial error are properly exhausted. Martinez's argument his own counsel's reference to "mug shots" prejudiced his right to a fair trial was rejected by the Superior Court upon independent and adequate state grounds. *Commonwealth v. Martinez*, No. 1264 EDA 1999 at 6 (Pa. Super. Ct. Aug. 7, 2000) (citing *Commonwealth v. Reiss*, 468 A.2d 451, 453 (Pa. 1983) (holding not every testimonial reference to a police file photograph requires a new trial)). The Superior Court found Martinez was not prejudiced when his counsel referred to mug shots while cross-examining a police officer. Counsel mentioned the mug shot to impeach the officer's claim he didn't recognize Martinez from his mug shot. To satisfy *Strickland*, Martinez must show counsel's performance was deficient, without strategic or reasonable basis, and the deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 697. Because Martinez suffered no prejudice and counsel had a strategic reason for mentioning the mug shot, Martinez's claim is without merit.

Martinez also argues prosecutorial misconduct interfered with his right to a fair trial. Again, the Superior Court decided the issue on adequate and independent state grounds which are not contrary to federal law. *Commonwealth v. Martinez*, No. 1264 EDA 1999 at 6 (Pa. Super. Ct. Aug. 7, 2000) (citing *Commonwealth v. Keaton*, 729 A.2d 529, 538 (Pa. 1999) (holding a prosecutor's remarks must considered within the context of the case as a whole)). The petitioner cannot merely demonstrate the prosecutor's remarks were "undesirable, erroneous, or even universally condemned," but must show the remarks actually deprived him of a fair trial. *Cupp v. Naughton*, 414 U.S. 141, 146 (1973) (discussing standard for establishing prosecutorial misconduct); *Smith v. Phillips*, 455 U.S. 209, 221 (1982). I agree with the Superior Court, a single statement in closing argument of what the jury should do is not prosecutorial misconduct.

Martinez's final issue, that the prosecutor elicited information a trial witness was represented by the defense attorney in an unrelated matter, also fails because he cannot show prejudice. The trial judge gave a limiting instruction. Juries are presumed to follow limiting instructions. *Whitney v. Horn*, 280 F.3d 240, 257 (3d Cir. 2002) (presuming jurors follow a judge's instructions). Martinez points to no state court decision in his case contrary to or an unreasonable application of federal law sufficient to sustain a writ of habeas corpus.

An appropriate order follows.